UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

JOHN B. HARWOOD,
Plaintiff,

v. CA 04-59T

QT 5, INC., STEVEN REDER in his capacity as President of QT 5, INC., TIMOTHY OWENS in his capacity as CEO of QT 5, INC., and NORMAN KUNIN as Chief Financial Officer/Treasurer of QT 5, INC.,
Defendants.

**ORDER**
**FOR FURTHER BRIEFING**

This matter came on to be heard on the 4th day of January 2005 on Plaintiff's Application to Court for Entry of Judgment by Default Against Defendant (Document #13) ("Second Application" or "Second Application for Default Judgment").[1] By the Second Application, Plaintiff John B. Harwood ("Plaintiff") seeks entry of judgment by default against Defendant QT 5, Inc. ("QT 5") because of its failure "to plead or otherwise defend within 20 days of service." Affidavit of Service and Failure to Plead or Otherwise Defend (Document #9) ¶ 3. At the hearing the court

[1] On October 25, 2004, Plaintiff filed an Application to Clerk for Entry of Default against Defendant (Document #5) ("First Application for Entry of Default") and an Application to Court for Entry of Judgment by Default Against Defendant (Document #7) ("First Application for Default Judgment"). According to the Docket, default was entered by the Clerk that same day. Neither the First Application for Entry of Default nor the First Application for Default Judgment carried a certification that a copy had been sent to QT 5.

Plaintiff filed a second Application to Clerk for Entry of Default against Defendant (Document #8) and a second Application to Court for Entry of Judgment by Default against Defendant (Document #13) ("Second Application" or "Second Application for Default Judgment") on December 8, 2004. Both documents have certifications that copies have been sent to QT 5. Default was entered by the Clerk on December 8, 2004 (replacing the October 25, 2004, default). This order is directed to the Second Application for Default Judgment.

16

expressed doubt whether in the circumstances presented QT 5 could be served by "certified mail, return receipt requested." Id.; see also R.I. Super. Ct. R. Civ. P. 4(f)(2); Fed. R. Civ. P. 4(e)(1).[2] The court continued the hearing on the Second Application until January 25, 2005, and allowed counsel for Plaintiff until January 18, 2005, to file additional material and/or argument supporting his position that service by certified mail was proper. Plaintiff's counsel was directed to identify the specific rule which authorized service by certified mail in the circumstances of this case. See Williams v. Life Sav. & Loan, 802 F.2d 1200, 1203 (10th Cir. 1986)("[W]hen entry of a default judgment is sought against a party who has failed to plead or otherwise defend, the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties.").

Following the hearing, the court concluded that a further specification of its concerns regarding service in this matter was desirable. Accordingly, the court is issuing this Order for Further Briefing.

Rhode Island Superior Court Rule of Civil Procedure 4(f)(2) authorizes service of process on a foreign corporation "by mailing a copy of the summons and complaint to any such officer or agent or to the corporation at its business address designated in the state of incorporation by registered or certified mail, return receipt requested ...," R.I. Super. Ct. R. Civ. P. 4(f)(2), if the "**foreign corporation is subject to the jurisdiction of courts of the state** ...," R.I. Super. Ct. R. Civ. P. 4(f) (bold added). The Complaint states that QT 5 "is a corporation located in Westlake Village, California[,] doing

---

[2] Fed. R. Civ. P. 4(e)(1) concerns service upon individuals. However, its provisions apply to corporations by virtue of Fed. R. Civ. P. 4(h)(1).

business pursuant to California law." Complaint ¶ 2. There is no allegation in the Complaint that QT 5 does business or has any presence in the State of Rhode Island. There is similarly nothing in Plaintiff's other filings which would indicate that QT 5 is subject to the jurisdiction of the courts of this state.

The Complaint appears to allege two causes of action: one for breach of contract for services rendered by Plaintiff on behalf of QT 5, see Complaint ¶¶ 6-9, and the other for fraud, see id. ¶¶ 10-12. The contract was entered into between Plaintiff and QT 5 on or about June 9, 2003, and the services were to be rendered in the State of Maine. See id. ¶¶ 6-7. The Complaint does not indicate whether QT 5 or any of its corporate officers entered into the State of Rhode Island in connection with the making of the contract or at any other time. See Complaint. Thus, it not clear to the court from the allegations contained in the Complaint or from the documents filed in support of the Second Application how QT 5 "is subject to the jurisdiction of the courts of the state ...." R.I. Super Ct. R. Civ. P. 4(f). Plaintiff is directed to address this issue in his supplemental filing.

The court also notes that there is nothing in the filings to date which indicates that the address to which the certified mail was sent is QT 5's "business address designated in the state of incorporation ...." R.I. Super. Ct. R. Civ. P. 4(f)(2). In fact, the Complaint alleges that QT 5 is located in Westlake Village, California, see Complaint ¶ 2, but the return receipt indicates that the summons and Complaint were sent to QT 5 at a Sacramento, California, address. See Summons in a Civil Case (Document #3), Attachment 2 (copy of United States Postal Service Document Return Receipt). Plaintiff is directed to address this issue also.

So ordered.

ENTER:

David L. Martin
U.S. MAGISTRATE JUDGE
January 5, 2005

BY ORDER:

Deputy Clerk