**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| JOHN B. HARWOOD<br><br>VS.<br><br>QT 5, INC.; STEVEN REDER in his capacity as President OF QT 5, INC.; TIMOTHY OWENS in his capacity as CEO of QT 5, INC.; and NORMAN KUNIN as Chief Financial Officer/Treasurer of QT 5, INC. | ) | CA NO.: 04 59T |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF ENTRY OF FINAL JUDGMENT**

Relevant Travel:

This matter was heard on January 4, 2005, on Plaintiff's Application to Court for Entry of Judgment by Default (Document #13) ("Plaintiff's Application"). On January 5, 2005, an Order for Further Briefing (Document #16) issued detailing this court's leave to file additional materials until January 18, 2005, and assigning this matter for further hearing on January 25, 2005. In summary, the three topics for further briefing are as follows:

(a) Whether service by certified mail was proper;

(b) Whether the address utilized was a valid business address designated in the state of incorporation; and

(c) Whether this court has jurisdiction over the Defendant corporation;

Facts and Argument:

(a) Service by Certified Mail was Proper.

Supporting the Plaintiff's Application, Plaintiff filed an Affidavit of Service and Failure to Plead or Otherwise Defend (Document #9). Further

17

supporting Plaintiff's Application, plaintiff filed copies[1] of the return receipts (Document #2[2], Document #3, and Document #4) for the certified mail served upon the legal entities identified as a Defendant in the above caption. At hearing, counsel represented that he believed[3] certified mail had been sent to the agent for service of process. Reading from a document (Exhibit A) counsel identified the agent for service of process in California to be "Paracorp Incorporated". In fact, service through that very registered agent had been made by certified mail, return receipt requested (Exhibit B) to 640 Bercut Dr., Suite A, Sacramento, CA 95814" (Exhibit A) on March 1, 2004.

Assuming that the address for each corporate officer also served is the correct address[4], and assuming this court has jurisdiction[5], this court correctly referenced in its order (Document #16) that under those circumstances, Fed. R. Civ. P. 4(e)(1), which is applicable to corporations by virtue of Fed. R. Civ. P. 4(h)(1), permits service "pursuant to the law of the state in which the district court is located. R.I. Super Ct. R., Civ. P. 4(f)(2) permits service by "**mailing a copy of the summons and complaint to any such officer** or agent or to the corporation at its business address designated in the state of incorporation **by registered or**

---

[1] Plaintiff's counsel has retained the original return receipts for inspection by the court.

[2] Telephone inquiry with the clerk's office on January 13, 2005, revealed that the certified mail directed to the attention of Norman Kunin and Timothy Owens, each received the same Document number, "Document #2". Counsel proffers that this duplicate numbering may give the court the erroneous impression that only three (3) of the four (4) entities identified separately in the caption were served. Hence the questioning focused on service of the corporate entity through it's putative officers. Therefore, Plaintiff has included with this memorandum as Exhibit B, Exhibit C, Exhibit D, and Exhibit E, a copy of the cover letter and the return receipt for the certified mail served upon each separate legal entity identified in the caption.

[3] Since the questioning at the hearing focused on service through its officers, counsel did not readily appreciate that Document #2 contained the return receipt for certified mail upon the agent for service of process, and did not immediately examine the contents of his own file for that purpose, assuming that he had made service upon the agent.

[4] *Infra*

[5] *Infra*

**certified mail, return receipt requested,** ..." R.I. Super. Ct. R. Civ. P. 4(f)(2) (bold added).

Therefore, if for any reason this court finds that despite the designation within the State of California of Paracorp Incorporated as its agent for service of process within the State of California, as service consistent with R.I. Super. Ct. R. Civ. P. 4(f)(2), then certainly mailing of a copy of the summons and complaint by certified mail, return receipt requested to the officers identified in the present caption would be adequate.

Examination of the return receipts appears to indicate that Normin Kunin signed for his own certified mail (Exhibit D), signed for Steven Reder (Exhibit E), and signed for Timothy Owen (Exhibit C). Our First Ciricut has said that

> Where, as the court supportably found in the instant case, a defendant has received actual notice of an action, service of process requirements are to be "broadly interpreted," see, e.g., Nowell v. Nowell, 384 F.2d 951 (5th Cir. 1967), cert. denied, 390 U.S. 956 (1968); Adams v. School Board, 53 F.R.D. 267, 268 (D.Pa. 1971), and "substantial compliance" with the requirements suffices, see Precision Etchings, 953 F.2d at 24 (citing cases). In cases where actual notice has been received, service on a person linked by a "substantial nexus" to the defendant has been held to meet the requirements of Rule 4(d)(1). See Nowell, 384 F.2d at 953 (service on defendant's landlady who resided in separate apartment building from defendant found adequate where "substantial nexus" existed between landlady and defendant);

United States v. Rodriguez, 1993 U.S. App. LEXIS 33882, 6-7 (1st Cir., 1993).

The Rhode Island Supreme Court has found that actual notice is sufficient to satisfy the requirements of service of process. see Plushner v. Mills, 429 A.2d 444, 446 (R.I., 1981). Not only did Timothy Owen, and presumably the company have anticipatory knowledge of the Plaintiff's litigious intentions (Exhibit F), but they demonstrated actual knowledge. Subsequent to the initiation of the present litigation[6], on March 17, 2004, President Steve Reder faxed a document (Exhibit G) to Plaintiff

---

[6] Plaintiff's complaint was filed on February 25, 2004.

specifically contemplating a compromise resolution of the litigation.[7] Plaintiff's counsel forwarded executed copies of the agreement (Exhibit I) to the Secretary, Fred Deluca, and a proposed dismissal stipulation (Exhibit J) to the Secretary, all at the business address. By correspondence dated September 23, 2004 (Exhibit K) the Defendant repudiated the contemplated settlement. Not only does that correspondence amply demonstrate actual knowledge, but the Defendant letterhead does not list any alternative operational address other than the one which mail was delivered.

By virtue of compliance with the Rhode Island Rules of Procedure *supra*, applicable to our Rhode Island Federal District Court *supra*, Plaintiff ensured the validity of service of process upon the corporate entity by taking extra steps. Plaintiff served the agent for service of process and three officers. The goal of constructive and actual knowledge was therefore accomplished and service of process is valid.

(b) <u>The address utilized was a valid business address.</u>

Exhibit A indicates a mailing address in California for the Defendant corporation of "5655 Lindero Cyn Rd 120 West Lake Village, CA 91362" (Exhibit A). Certified mail to the identified corporate officers, CEO Timothy Owens, Chief Financial Officer/Treasurer Norman Kunin, and President Steven Reder, were all delivered to 5655 Lindero Canyon Road, Suite 120, Westlake Village, CA 91362 ("business address") on March 2, 2004 (see Exhibits C, D, and E).

In addition, correspondence(Exhibit F) faxed to the Plaintiff by Mr. Owens, prior to filing of the Plaintiff's Complaint, indicated that Mr.

---

[7] Review of the facsimile generated header for Exhibit G indicates a two (2) page fax communication sourced from Steven Reder on "Mr. 17 2004 01:51PM". The second page of which include language drafted by Steven Reder that specifically references the litigation by stating "The above is conditional upon your full release of all of the named defendants in your lawsuit." The remainder of the contents of the preliminary agreement contemplate a subsequent "formal agreement" (*Id.* Exhibit G) which was in fact prepared and forwarded by Mr. Fred DeLuca, on March 22, 2004 (see Exhibit H (without enclosures)).

Owens' address was in fact the business address; Mr. Owens business card (Exhibit L) displays the business address as his only business address; On March 17, 2004, the President, Steve Reder, faxed correspondence to the Plaintiff with a cover-page (Exhibit G) referencing only the business address; Plaintiff relied upon information (Exhibit M) faxed to him from Mr. David A. Lowman (*infra*) advising that Mr. Norman A. Kunin was the CFO for the Defendant corporation located in "WESTLAKE VILLAGE, Calif." *Id.*

Subsequent to receipt of certified mail by all identified Defendants as detailed above, communication between counsel and secretary Fred DeLuca, culminated into a settlement agreement which was included with the March 22, 2004 (Exhibit H) correspondence from Mr. Deluca with the very same business address as the identified Defendants. Plaintiff signed the agreement (Exhibit I), faxed it to the address of origin, the business address, and subsequently had counsel forward hard copy (Exhibit J) to the business address. The instant default proceedings were initiated after receipt of unequivocal repudiation (Exhibit K) of the potential settlement. Again, all correspondence exchange is to and from the business address.

Moreover, Plaintiff has Mr. Owens' business card (Exhibit L) listing only a single business address for Mr. Owens. Since August 8, 2003, it was generally understood (Exhibit M) that Mr. Normin A. Kunin was the Chief Financial Officer of the company located in Westlake Village, California. Plaintiff requests this Honorable Court take judicial notice of the address information contained in Exhibit N, identifying nearly the same[8] business address in forms recently filed with the Security and Exchange Commission.

Based upon the foregoing, the business address utilized by the Plaintiff is a valid business address, and that address is designated as a business address for the Defendant in the state of incorporation.

---

[8] Exhibit N identifies "Suite 106" in lieu of the business address at Suite 120. Plaintiff does not know the reason for the discrepancy. However the great weight of the evidence shows actual delivery and exchange of documents by both regular and certified mail to and from Suite 120 during the relevant time service of process was accomplished at Suite 120, within the exact same physical street location.

(c) <u>This court has jurisdiction over the Defendant</u>[9].

Sale and distribution of a beverage within this state, either directly by the manufacturer or an agent, is sufficient to establish minimum jurisdiction within this state <u>Melia v. Les Grands Chais de France</u>, 135 F.R.D. 28, 31 (D.R.I., 1991). In the instant action, though the facts giving rise to the complaint involved marketing in the State of Maine (Document #1, see also Document #16) there is sufficient minimum contacts in Rhode Island to establish jurisdiction.

Exhibit P, an affidavit of Mr. David A. Lowman, sets forth the Rhode Island marketing activities of its distribution agent (Exhibit P ¶6), James Burns; the Rhode Island sales delivered in this state by the corporation (Exhibit P ¶11); and the Rhode Island marketing activity by the corporate president, Steven Reder, within this state (*Id.* ¶10).[10] A complete reading of Mr. Lowman's affidavit, amply supports jurisdiction.[11] Jurisdiction and minimum contacts are more than adequate in this instance.

<u>Conclusion:</u>

Plaintiff has demonstrated the more than the minimum due process requirements of service of process were met. Not only was the agent for service of process served with a copy of the summons and complaint by

---

[9] Plaintiff recently became aware that the Defendant Corporation may have changed its name to "Addison-Davis Diagnostics, Inc." (see Exhibit O) and respectfully reserves the right to move for an amended default judgment and consequent execution in the new corporate name of "Addison-Davis Diagnostics, Inc."

[10] If necessary in the court's discretion to establish additional minimum contacts, Plaintiff reserves the right to supplement this submission with additional information from those customers which Plaintiff is aware actually took delivery of the NICO WATER product within this state. Discovery would reveal whether there were additional marketing efforts and sales in Rhode Island had the Defendant answered or otherwise demonstrated an intention to defend. The correspondence demonstrates the opposite intention, presumably including the intention not to challenge the jurisdiction of this court or Plaintiff's proof of claim for $150,000.00 as originally agreed contemporaneous with Plaintiff's services. (see Exhibit P sub-exhibit #3)

[11] *Id.*

certified mail, return receipt requested, but service was effectuated upon more than one corporate officer, just to be on the safe side.

The addresses utilized are the only business addresses used by the Defendant and/or its corporate officers. That business address is referenced on their letterhead and business cards.

The Defendant initially sought out alliances in the State of Rhode Island through Mr. David A. Lowman. Those resulted in meetings with Rhode Island businesses which culminated in sales in Rhode Island. Though the subject matter giving rise to the Plaintiff's complaint dealt with targeting the State of Maine, the Plaintiff was at all material times a domiciled inhabitant of the State of Rhode Island where the Defendant entered for the specific purpose of doing business within this state and other sister states.

For the foregoing reasons, entry of default judgment in the amount prayed for by the Plaintiff is appropriate, and execution should issue against the defendant.[12]

Plaintiff
By Counsel

Joseph-Anthony DiMaio, Esq. (3910)
MCKINNON & HARWOOD
1168 Newport Avenue
Pawtucket, RI 02861
(401) 723-9655

DATED: January 17, 2005

**CERTIFICATION**

I hereby certify that the defendant is in default (Document #12) for failure to appear and has not appeared[13] and that therefore no service need be made on the parties in default. USCS Fed Rules Civ Proc R. 5

[12] See footnote 9 *supra*.

[13] *See* Smith Precious Metals, Co. v. Marsella, 725 A.2d 897 (R.I., 1998) (An appearance can be made post-default) In the instant case the Defendant has made absolutely no filing even after notice of application for default.

# EXHIBIT A

# California Business Portal

Secretary of State Kevin Shelley

**DISCLAIMER:** The information displayed here is current as of FEB 06, 2004 and is updated weekly. It is not a complete or certified record of the Corporation.

| Corporation | | |
|---|---|---|
| QT 5, INC., WHICH WILL DO BUSINESS IN CALIFORNIA AS NICOWATER | | |
| **Number:** C2540497 | **Date Filed:** 6/17/2003 | **Status:** active |
| **Jurisdiction:** DELAWARE | | |
| **Mailing Address** | | |
| 5655 LINDERO CYN RD 120 | | |
| WEST LAKE VILLAGE, CA 91362 | | |
| **Agent for Service of Process** | | |
| PARACORP INCORP ORATED | | |
| 640 BERCUT DR., SUITE A | | |
| SACRAMENTO, CA 95814 | | |

For information about certification of corporate records or for additional corporate information, please refer to Corporate Records. If you are unable to locate a corporate record, you may submit a request to this office for a more extensive search. Fees and instructions for requesting this search are included on the Corporate Records Order Form.

Blank fields indicate the information is not contained in the computer file.

If the status of the corporation is "Surrender", the agent for service of process is automatically revoked. Please refer to California Corporations Code Section 2114 for information relating to service upon corporations that have surrendered.

# EXHIBIT B

LAW OFFICES
MCKINNON & HARWOOD

DANIEL V. MCKINNON
JOHN B. HARWOOD*

DEAN J. WAGNER*
MICHAEL E. SENDLEY
JOSEPH-ANTHONY DIMAIO*
DANIEL J. McKINNON

1168 NEWPORT AVENUE
PAWTUCKET, R.I. 02861
(401) 723-9655

*ALSO ADMITTED IN MASSACHUSETTS

February 26, 2004

QT 5, Inc.
PARACORP INCORPORATED
640 Bercut Drive, Suite A
Sacramento, CA 95814

Re: John B. Harwood
Vs. QT 5, Inc., et als
C.A. No.: 04-59T

Dear Sir or Madam:

Enclosed please find a Summons and Complaint relative to the above-captioned matter. In accordance with the Rhode Island General Laws and Federal Rules of Procedure, QT 5, Inc. is hereby duly served.

You have twenty (20) days in which to file an answer to protect your interest.

Very truly yours,

Joseph-Anthony DiMaio, Esq.

JAD:kb
Enclosure

CERTIFIED MAIL-Return Receipt Requested
#7003 1680 0004 8419 1358

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

QT 5, Inc.
PARACORP INCORPORATED
640 Bercut Drive, Suite A
Sacramento, CA 95814

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X [illegible signature] ☐ Agent ☐ Addressee

B. Received by (Printed Name) C. Date of Delivery
MAR 1 2004

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☒ Certified Mail ☐ Express Mail
☐ Registered ☐ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number
(Transfer from service label) 7003 1680 0004 8419 1358

PS Form 3811, August 2001 Domestic Return Receipt 102595-02-M-1540

---

UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

Joseph Anthony DiMaio, Esq.
McKinnon & Harwood
1168 Newport Avenue
Pawtucket, RI 02861

32 [redacted]

# EXHIBIT C

LAW OFFICES
MCKINNON & HARWOOD

DANIEL V. MCKINNON
JOHN B. HARWOOD*

DEAN J. WAGNER*
MICHAEL E. SENDLEY
JOSEPH-ANTHONY DIMAIO*
DANIEL J. McKINNON

1168 NEWPORT AVENUE
PAWTUCKET, R.I. 02861
(401) 723-9655

*ALSO ADMITTED IN MASSACHUSETTS

February 26, 2004

Timothy Owens
QT 5, Inc.
5655 Lindero Canyon Road
Suite 120
Westlake Village, CA 91362

Re: John B. Harwood
Vs. QT 5, Inc., et als
C.A. No.: 04-59T

Dear Mr. Owens:

Enclosed please find a Summons and Complaint relative to the above-captioned matter. In accordance with the Rhode Island General Laws and Federal Rules of Procedure, you are hereby duly served.

You have twenty (20) days in which to file an answer to protect your interest.

Very truly yours,

Joseph-Anthony DiMaio, Esq.

JAD:kb
Enclosure

**CERTIFIED MAIL-Return Receipt Requested**
**#7003 1680 0004 8419 1372**

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

hy Owens
5, Inc.
5655 Lindero Canyon Road
Suite 120
Westlake Village, CA 91362

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X [signature] ☐ Agent ☐ Addressee

B. Received by (Printed Name) NA KUNIU

C. Date of Delivery 3-2

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☒ Certified Mail ☐ Express Mail
☐ Registered ☐ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number
(Transfer from service label) 7003 1680 0004 8419 1372

PS Form 3811, August 2001 Domestic Return Receipt 102595-02-M-1540

UNITED STATES POSTAL SERVICE

SANTA CLARITA CA 913 PM 2 MAR 2004

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

Joseph-Anthony DiMaio, Esq.
McKinnon & Harwood
1168 Newport Avenue
Pawtucket, RI 02861

# EXHIBIT D

LAW OFFICES
MCKINNON & HARWOOD

DANIEL V. MCKINNON
JOHN B. HARWOOD*

DEAN J. WAGNER*
MICHAEL E. SENDLEY
JOSEPH-ANTHONY DIMAIO*
DANIEL J. McKINNON

1168 NEWPORT AVENUE
PAWTUCKET, R.I. 02861
(401) 723-9655

*ALSO ADMITTED IN MASSACHUSETTS

February 26, 2004

Norman Kunin
QT 5, Inc.
5655 Lindero Canyon Road
Suite 120
Westlake Village, CA 91362

Re: John B. Harwood
Vs. QT 5, Inc., et als
C.A. No.: 04-59T

Dear Mr. Kunin:

Enclosed please find a Summons and Complaint relative to the above-captioned matter. In accordance with the Rhode Island General Laws and Federal Rules of Procedure, you are hereby duly served.

You have twenty (20) days in which to file an answer to protect your interest.

Very truly yours,

Joseph-Anthony DiMaio, Esq.

JAD:kb
Enclosure

**CERTIFIED MAIL-Return Receipt Requested**
**#7003 1680 0004 8419 1341**

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Norman Kunin
QT 5, Inc.
5655 Lindero Canyon Road
Suite 120
Westlake Village, CA 91362

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X [signature] ☐ Agent ☐ Addressee

B. Received by (Printed Name) N. KUNIN

C. Date of Delivery 3-2

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☒ Certified Mail ☐ Express Mail
☐ Registered ☐ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? *(Extra Fee)* ☐ Yes

2. Article Number
*(Transfer from service label)* 7003 1680 0004 8419 1341

PS Form 3811, August 2001 Domestic Return Receipt 102595-02-M-1540

UNITED STATES POSTAL SERVICE

SANTA CLARITA CA 913 PM

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

Joseph-Anthony DiMaio, Esq.
McKinnon & Harwood
1168 Newport Avenue
Pawtucket, RI 02861

32

# EXHIBIT E

LAW OFFICES
MCKINNON & HARWOOD

DANIEL V. MCKINNON
JOHN B. HARWOOD*

DEAN J. WAGNER*
MICHAEL E. SENDLEY
JOSEPH-ANTHONY DIMAIO*
DANIEL J. McKINNON

1168 NEWPORT AVENUE
PAWTUCKET, R.I. 02861
(401) 723-9655

*ALSO ADMITTED IN MASSACHUSETTS

February 26, 2004

Steven Reder
QT 5, Inc.
5655 Lindero Canyon Road
Suite 120
Westlake Village, CA 91362

Re: John B. Harwood
Vs. QT 5, Inc., et als
C.A. No.: 04-59T

Dear Mr. Reder:

Enclosed please find a Summons and Complaint relative to the above-captioned matter. In accordance with the Rhode Island General Laws and Federal Rules of Procedure, you are hereby duly served.

You have twenty (20) days in which to file an answer to protect your interest.

Very truly yours,

Joseph-Anthony DiMaio, Esq.

JAD:kb
Enclosure

**CERTIFIED MAIL-Return Receipt Requested**
**#7003 1680 0004 8419 1365**

**SENDER: *COMPLETE THIS SECTION***

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Steven Reder
QT 5, Inc.
5655 Lindero Canyon Road
Suite 120
Westlake Village, CA 91362

2. Article Number
*(Transfer from service label)* 7003 1680 0004 8419 1365

PS Form 3811, August 2001 Domestic Return Receipt 102595-02-M-1540

***COMPLETE THIS SECTION ON DELIVERY***

A. Signature
X [illegible signature] ☐ Agent ☐ Addressee

B. Received by (*Printed Name*) [illegible handwriting]

C. Date of Delivery [illegible handwriting]

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☒ Certified Mail ☐ Express Mail
☐ Registered ☐ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? *(Extra Fee)* ☐ Yes

---

UNITED STATES POSTAL SERVICE

SANTA CLARITA CA 91 PM

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

Joseph-Anthony DiMaio, Esq.
McKinnon & Harwood
1168 Newport Avenue
Pawtucket, RI 02861

02861+2188

# EXHIBIT F

QT 5, Inc.

January 23, 2004

John B. Harwood
1168 Newport Avenue
Pawtucket, RI 02861
Fax: (401) 722 9106

Dear Mr. Harwood,

We are in receipt of your letter dated January 21, 2004 and the proposed attached complaint.

We deny the allegations set forth in your complaint and deny that an agreement was completed between you and this company.

On June 18, 2003 you sent to us a letter in which you state "Also find our agreement dated June 9, 2003, which is self-explanatory". Our attorneys have requested that you forward to us a copy of that alleged agreement since none was attached to your letter of June 18, 2003.

As stated above we feel that your claim is without merit, however, if you do have an agreement executed by an officer of our company, we shall honor it like we do all other valid agreements. Therefore, please send a copy of the alleged agreement executed by an officer of this company on June9, 2003.

Very truly yours,

Timothy J. Owens

QT 5, Inc
5655 Lindero Canyon Rd., Suite 120
Westlake Village, CA 91362

Phone: 818-338-1510
Fax: 818-338-1551
www.qt5inc.com

# EXHIBIT G

5655 Lindero Canyon Road
Westlake Village, Ca 91362

**QT 5, INC.**

# Fax

| | | | |
|---|---|---|---|
| **To:** | John Harwood | **From:** | Steve Reder |
| **Fax:** | 818-338-1550 | **Pages:** | |
| **Phone:** | 818-338-1517 | **Date:** | 3-17-04 |
| **Re:** | | **CC:** | |

☐ **Urgent** ☐ **For Review** ☐ **Please Comment** ☐ **Please Reply** ☐ **Please Recycle**

● **Comments:**

John, Please sign the attached and fax back to me at 818-338-1550.

Thank you,

Steve

To John Harwod March 17, 2004

From Steve Reder
QT 5, Inc

The following is our mutual understanding in full and final settlement regarding the lawsuit you filed against the Company and individuals.

Cash $10,000.00 payable on signing general release.

Stock $50,000 in common shares of the company at a per share price equal to the closing price on the day following the effective date of the Company's pending reverse stock split.

The above is conditional upon your full release of all of the named defendants in your lawsuit.

We will have a formal agreement prepared and forwarded to you within the next several days.

Please indicate that the above is your understanding by signing as indicated below.

Agreed and acknowledged

John B. Harwood

John Harwood

Steven Reder
President

# EXHIBIT H

QT 5, Inc.

March 22, 2004

Joseph-Anthony DiMaio, Esq.
McKinnon & Harwood
1168 Newport Avenue
Pawtucket, RI 02861

BY: Facsimile 401.722.9106

Re: Harwood v. QT 5, Inc. et al
United States District Court Case No. 04 59T
Draft of Settlement Agreement

Dear Mr. DiMaio,

I am enclosing a copy of a draft of a Settlement Agreement and General Release that should dispose of the outstanding issues between the parties. Please review. If the form and content meets with Mr. Harwood and your approval, please have Mr. Harwood execute. If not, please inform me of any changes or additions you propose.

Very truly yours,

Fred De Luca
Secretary

QT 5, Inc
5655 Lindero Canyon Rd., Suite 120
Westlake Village, CA 91362

Phone: 818-338-1510
Fax: 818-338-1551
www.qt5inc.com

# EXHIBIT I

LAW OFFICES
# MCKINNON & HARWOOD

DANIEL V. McKINNON
JOHN B. HARWOOD*

DEAN J. WAGNER*
MICHAEL E. SENDLEY
JOSEPH-ANTHONY DIMAIO*
DANIEL J. McKINNON

1168 NEWPORT AVENUE
PAWTUCKET, R.I. 02861
(401) 723-9655

*ALSO ADMITTED IN MASSACHUSETTS

## *FACSIMILE COVER PAGE*
## *FAX NUMBER: (401)722-9106*

*TO: Fred De Luca* *DATE: July 2, 2004*
*FIRM: QT 5, Inc.*
*CITY:*
*FACSIMILE PHONE NO.: 818-338-1551* *TIME:* 3:25 PM

*FROM: Joseph-Anthony DiMaio, Esq.*
*RE: Harwood v. QT 5, Inc., et al*

*NO. OF PAGES (including cover page):* 6

*MESSAGE:*

*The documents accompanying this fax transmission contain information from the law firm of McKinnon & Harwood which is confidential and/or legally privileged. The information is intended only for the use of the individual or entity named on this transmission sheet. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or the taking of any action in reliance on the contents of this faxed information is strictly prohibited and that the documents should be returned to this firm immediately.*

QT 5, Inc.

FAXED 3-22-04

March 22, 2004

Joseph-Anthony DiMaio, Esq.
McKinnon & Harwood
1168 Newport Avenue
Pawtucket, RI 02861

BY: Facsimile 401.722.9106

Re: Harwood v. QT 5, Inc. et al
United States District Court Case No. 04 59T
Draft of Settlement Agreement

Dear Mr. DiMaio,

I am enclosing a copy of a draft of a Settlement Agreement and General Release that should dispose of the outstanding issues between the parties. Please review. If the form and content meets with Mr. Harwood and your approval, please have Mr. Harwood execute. If not, please inform me of any changes or additions you propose.

Very truly yours,

Fred De Luca
Secretary

QT 5, Inc
5655 Lindero Canyon Rd., Suite 120
Westlake Village, CA 91362

Phone: 818-338-1510
Fax: 818-338-1551
www.qt5inc.com

# SETTLEMENT AGREEMENT AND GENERAL RELEASES

This SETTLEMENT AGREEMENT AND MUTUAL GENERAL RELEASES ("Agreement") is made as of this 22nd day of March, 2004 by and between John B. Harwood, ("Harwood") on the one hand, and QT 5, Inc., Steven Reder, Timothy Owens and Norman Kunin on the other hand (Collectively "QT 5"), with reference to the following facts and definitions.

RECITALS

A. On February 25, 2004, Harwood caused to be filed in the United States District Court District of Rhode Island case number 04 59T against QT 5, Inc. and the individually named defendants seeking a claim for monies for due for services rendered by Harwood on behalf of QT 5, Inc..

B. QT 5, Inc., denies that it owes Harwood any sum or sums.

C. Harwood on the one hand, and QT 5 on the other hand, (collectively, the "Parties") are each desirous of fully and forever amicably resolving and settling their Claims, disputes and differences, on the terms and conditions set forth herein.

D. As used herein, the term "Claim" shall have its broadest possible meaning and shall include, without limitation: any and all manner of action or action, cause or causes of action, suits, proceedings, debts, liabilities, claims, calls, accounts, accounting, demands, obligations, costs, expenses, sums of money, controversies, damages, reckonings, and items of every kind and nature whatsoever, whether known or unknown, suspected or unsuspected, contingent or liquidated, *in personam or in rem*, legal or equitable, statutory or administrative, which the holder of such Claim has or at any time heretofore had or may have had, by reason of anything whatsoever occurring, done, omitted or suffered to be done prior to the date of this Agreement, whether accrued or accruing before, on or after the date of this Agreement.

NOW, THEREFORE, in reliance upon and in consideration of the mutual covenants, releases, agreements and conditions contained herein, and subject to the provisions and terms of this Agreement, and for other good and valuable consideration, the receipt and sufficiency of which is hereby are acknowledged by each and all of the Parties, the Parties agree as follows:

1. Effectiveness. This Agreement shall become binding upon the execution by all of the Parties ("Effective Date"), whether in counterpart or upon single instrument, and shall become fully effective immediately thereupon subject only to the terms and conditions set forth herein.

2. <u>Payment</u>. (a) Upon the execution and delivery of this Agreement to QT 5 by Harwood, QT 5 shall pay to Harwood a cash payment in the sum of $10,000.000. (b) QT 5 shall cause to be issued to Harwood $50,000 in common shares of QT 5, Inc. stock at a per share price equal to the closing price on the day following the effective date of QT 5, Inc's pending reverse stock split. The payment contemplated hereunder is being made in consideration of the releases granted hereunder.

3, <u>Dismissal of Action by Harwood</u> Concurrent with the execution of this Agreement and the payment of $10,000 recited above, Harwood shall cause to be file with the District Court a dismissal of the action <u>with prejudice</u> as to all defendants and deliver to QT 5 a certified copy of the court approval of said dismissal.

4. <u>General Releases - Parties</u>

(a) Release of QT 5 and Individuals by Harwood.

Except for the promises, covenants and obligations created by or under this Agreement, Harwood, on behalf of himself, successors, assigns, heirs, executors and administrators, does hereby absolutely fully and forever release, relieve, waive, relinquish and discharge QT 5 and their respective directors, officers, parents, subsidiaries, members, managers, partners, predecessors in interest, divisions, affiliates, agents, attorneys, assigns, heirs, executors and administrators from any and all Claims which have been, will be or could have been asserted, directly or indirectly, against them or any of them arising out of or related to any fact, matter or thing whatsoever, from the beginning of time to the present. including, without limitation: (1) any and all Claims arising out of or related to any and all agreements and/or contracts between QT 5 and Harwood; (2) any and all Claims arising out of any business relationship between QT 5 and Harwood and (3) any and all Claims for fraud, misfeasance, malfeasance, negligence, breach of duty, wrongful termination, wrongful interference, advise given or not given.

(b) <u>Release of Harwood by QT 5.</u>

Except for the promises, covenants and obligations created by or under this Agreement, QT 5, on behalf of itself, successors, assigns, heirs, executors and administrators, do hereby absolutely fully and forever release, relieve, waive, relinquish and discharge Harwood. his agents, attorneys, assigns, heirs, executors and administrators from any and all Claims which have been, will be or could have been asserted, directly or indirectly, against them or any of them arising out of or related to any fact, matter or thing whatsoever, from the beginning of time to the present .including, without limitation: (1) any and all Claims arising out of or related to any and all agreements and/or contracts between QT 5 and Harwood.; (2) any and all Claims arising out of any business relationship between QT 5. and

Harwood; and (3) any and all Claims for fraud, misfeasance, malfeasance, negligence, breach of duty, wrongful interference, advise given or not given.

(c) The Parties hereby covenant that they shall not purport to assign or transfer expressly, impliedly, or by operation of law, any Claim released in Subparagraphs 3(a) or 3 (b) above. The Parties further covenant not to commence, maintain or suffer to be maintained, against any release, any Claim released in Subparagraphs 3 (a) and 3 (b) above, and the Parties represent and warrant that they shall take all necessary action to dismiss any action, suit or proceeding against any release based upon or constituting a Claim released in Subparagraph 3 (a) and 3 (b) above. A breach of these covenants may be specifically enforced, and the parties agree that, in the event of such breach, the wronged party may obtain injunctive relief in any court of competent jurisdiction to enforce these covenants, in addition to any other remedy to which they may be entitled.

5. Waiver. In connection with the releases set forth in this Agreement, the Parties acknowledge that they are aware that they or their attorneys may hereafter discover facts different from or in addition to the facts which they now know or believe to be true with respect to the subject matter of this Agreement. Nonetheless, it is their intention hereby, fully, finally, absolutely and forever to settle and release any all matters described in the preceding paragraph hereof which exist, may exist or may heretofore have existed between them and, in furtherance of such intention, the Releases herein given shall be and will remain in effect notwithstanding the discovery of any additional or different facts relating to the subject matter of this Agreement. Therefore, the Parties each acknowledge that they have had the opportunity and ability to consult with and be informed by attorneys of their choosing regarding all aspects of this Agreement and they are familiar with Section 1542 of the Civil Code of the State of California, which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO HAVE EXISTED IN HIS FAVOR A THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.

6. Attorneys Fees and Costs. As they relate to the negotiations and settlement of the dispute between the Parties, the Parties shall each bear his or its own attorney's fees, costs and all other expenses incurred with respect to all aspects of the negotiations of this Agreement.

7. Execution. This Agreement may be executed as a single original or in any number of counterparts, each of which shall be deemed to be an original and which, taken together, shall be deemed to be the same instrument. Signatures by facsimile shall be effective as original signatures.

8. Assistance of Counsel. The Parties each acknowledge that it has been represented by independent counsel of its own choice throughout all negotiations proceeding the execution of this Agreement and in the execution of this Agreement and that each of the Parties has executed the

Agreement after consultation with counsel and after careful consideration of each of its terms and with full understanding of the legal effect of such terms.

THE UNDERSIGNED HAVE READ AND UNDERSTAND THE FOREGOING AND AGREE TO ITS TERMS AS OF THE DATE SET FORTH AT THE BEGINNING OF THIS AGREEMENT.

Dated 7/21, 2004

JOHN B. HARWOOD.

BY: [signature]
John B. Harwood

Dated ____________, 2003

QT 5, INC.

BY: ____________
Steven Reder, President

********************
*** TX REPORT ***
********************

TRANSMISSION OK

| | |
|---|---|
| TX/RX NO | 2081 |
| CONNECTION TEL | 18183381551 |
| CONNECTION ID | |
| ST. TIME | 07/02 15:26 |
| USAGE T | 01'56 |
| PGS. SENT | 6 |
| RESULT | OK |

# EXHIBIT J

LAW OFFICES
MCKINNON & HARWOOD

DANIEL V. McKINNON
JOHN B. HARWOOD*

DEAN J. WAGNER*
MICHAEL E. SENDLEY
JOSEPH-ANTHONY DIMAIO*
DANIEL J. McKINNON

1168 NEWPORT AVENUE
PAWTUCKET, R.I. 02861
(401) 723-9655

*ALSO ADMITTED IN MASSACHUSETTS

July 7, 2004

Fred DeLuca
QT 5, Inc.
5655 Lindero Canyon Road
Suite 120
Westlake Village, CA 91362

**Re: Harwood v. QT 5, Inc., et al**

Dear Fred:

Enclosed is my proposed Dismissal Stipulation. Please advise whether it meets with your approval.

In addition, you will find hardcopy of the settlement agreement which Attorney Harwood has already signed.

Once I receive approval from you regarding the form of the Dismissal Stipulation, I will file same and forward to you a certified copy of the original filing.

Based upon our last conversation, it is my understanding that you will be forwarding payment to me upon receipt of the hardcopy of the settlement agreement. Kindly, also send to me a conformed copy of the settlement agreement bearing your client's original signature.

Thank you for your time and attention.

Very truly yours,

Joseph-Anthony DiMaio, Esq.

JAD:ks
Enclosure

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

JOHN B. HARWOOD :

VS. : DRAFT CA NO.: 04 59T

QT 5, INC.; STEVEN REDER in his capacity as President of QT 5, INC.; TIMOTHY OWENS in his capacity as CEO of QT 5, INC.; and NORMAN KUNIN as Chief Financial Officer/Treasurer of QT 5, INC. :

**DISMISSAL STIPULATION**

Now comes the Plaintiff in the above-entitled matter and does hereby dismiss with prejudice, no cost, no interest being awarded to any party the Complaint which was filed in the within matter. Said dismissal is as to all Defendants exchange for a certain undisclosed exchange of mutual releases and other legal consideration.

Plaintiff,
By and through his attorney,

____________________________________

Joseph-Anthony DiMaio, Esq. (3910)
McKinnon & Harwood
1168 Newport Avenue
Pawtucket, RI 02861
(401) 723-9655

**CERTIFICATION**

I hereby certify that a true copy of the above Stipulation was mailed to Steven Reder, QT 5, Inc., 5655 Lindero Canyon Road, Suite 120, Westlake Village, CA 91362; Norman Kunin, QT 5, Inc., 5655 Lindero Canyon Road, Suite 120, Westlake Village, CA 91362, Timothy Owens, QT 5, Inc., 5655 Lindero Canyon Road, Suite 120, Westlake Village, CA 91362 and Fred DeLuca, QT 5, Inc., 5655 Lindero Canyon Road, Suite 120, Westlake Village, CA 91362 on the ___ day of July 2004.

____________________________________

# EXHIBIT K

9-23-04

QT 5, Inc.

September 23, 2004

Joseph-Anthony DiMaio, Esq.
McKinnon & Harwood
1168 Newport Avenue
Pawtucket, RI 02861

BY: Facsimile 401.722.9106

Re: Harwood v. QT 5, Inc. et al

Dear Mr. DiMaio,

Please excuse the delay in responding to your correspondence. The patent owner of the nicotine water was successful in terminating our right to distribute Nico Water and was granted a judgment in the sum of $222,265.00 for attorney's fees, A writ of execution was issued by the court that was used to execute against our bank account. As such we have no money. Further, our stock is trading under par. We have not filed a bankruptcy petition primarily because of the lack of funds to pay an attorney. As such, we cannot honor our settlement that we reached with you. If Mr. Harwood would have timely responded to our settlement offer we were in a position at that time to comply. Now we are not.

Very truly yours,

Fred De Luca
Secretary

QT 5, Inc
5655 Lindero Canyon Rd., Suite 120
Westlake Village, CA 91362

Phone: 818-338-1510
Fax: 818-338-1551
www.qt5inc.com

********************
*** RX REPORT ***
********************

RECEPTION OK

| | |
|---|---|
| TX/RX NO | 7983 |
| CONNECTION TEL | 818 338 1551 |
| CONNECTION ID | |
| ST. TIME | 09/23 14:09 |
| USAGE T | 00'34 |
| PGS. | 1 |
| RESULT | OK |

# EXHIBIT L

NICO™

**Timothy J. Owens**
**Chief Executive Officer**
tim@nicowater.net
www.nicowater.net

QT5, Inc.
5655 Lindero Canyon Rd., #120
Westlake Village, CA 91362
t: 818-338-1514
f: 818-338-1550

6/17/03

# EXHIBIT M

To: John B. Harwood
From: David A. Lowman

FREE trades Waterhouse | Scottrade $7 Trades No Fee IRAs | HARRISdirect. Open an account get $100

Press Release Source: QT 5, Inc.

# QT 5, Inc. Appoints Norman A. Kunin as New CFO

Friday August 8, 3:39 pm ET

WESTLAKE VILLAGE, Calif., Aug. 8 /PRNewswire-FirstCall/ -- QT 5, Inc. (OTC Bulletin Board: QTFV - News), manufacturer and marketers of NICOWater(TM), the breakthrough Homeopathic Nicotinum (nicotine) product designed to relieve the symptoms of tobacco cravings, announced the appointment of Norman A. Kunin as its new Chief Financial Officer. Kunin brings over 30 years of corporate finance and business experience to the company.

ADVERTISEMENT



"We are very excited to bring in Norman to the QT 5 management team," said Steven H. Reder, QT 5 President. "QT 5 is growing at a very rapid pace, and Norman's experience and expertise are an extremely valuable addition to the company. We are a very young company with an exciting product line and a very aggressive growth path. The permanent addition of Norman to our team is seen by all as a huge step towards achieving our objectives."

"I am thrilled to be a part of QT 5," said Norman A. Kunin, QT 5 CFO. "The company offers some very strong lifestyle products with an upside potential that I have rarely witnessed in my career. This is a world class management team and I look forward to playing a key role in helping QT 5 reach its potential."

Mr. Kunin began serving as an outside consultant for QT 5 in May of this year. Prior to that his career has encompassed over 30 years of diverse financial activities beginning as a Certified Public Accountant. After he and his partners sold their accounting firm to Touche Ross & Co. (currently Deloitte Touche Tohmatsu), he focused on a broad spectrum of executive financial management for partnerships and corporations.

About QT 5, Inc.

Fax to: 722-9106

Related Quote




QTFV.OB 0.125 +0.005 Nev
View Detailed Quote
Delayed 20 mins
Quote data provided by Reuters

Related News Stories

- QT 5 Reports Fiscal Year-End 2003 Results - PR Newswire (Tue Sep 23)
- QT 5 INC Files SEC form 10KSB, Annual Report - EDGAR Online (Tue Sep 23)
- QT 5 INC Files SEC form 8-K Other Events - EDGAR Online (Wed Aug 27)
- QT 5 Announces $2 Million Financing - PR Newswire (Tue Aug 26)

More

- By industry: Biotech, Health care, Medical/pharmaceutical

Top Stories

- Bank of America to Reimburse Fund Holders - Reuters (11:18 am)
- Dollar Pounded as Recovery Doubts Surface - Reuters (9:55 am)
- Stocks Sag, Earnings Caution Creeps In - Reuters (10:51 am)
- Higher Natural Gas Bills Seen This Winter - Reuters (9:38 am)

More

- Most-emailed articles
- Most-viewed articles

# EXHIBIT N

# FORM 3

**UNITED STATES SECURITIES AND EXCHANGE COMMISSION**
**Washington, D.C. 20549**

OMB APPROVAL
OMB Number: 3235-0104
Expires: January 31, 2005
Estimated average burden
hours per response... 0.5

## INITIAL STATEMENT OF BENEFICIAL OWNERSHIP OF SECURITIES

Filed pursuant to Section 16(a) of the Securities Exchange Act of 1934, Section 17(a) of the Public Utility Holding Company Act of 1935 or Section 30(h) of the Investment Company Act of 1940

| 1. Name and Address of Reporting Person * | 2. Date of Event Requiring Statement (MM/DD/YYYY) | 3. Issuer Name and Ticker or Trading Symbol |
|---|---|---|
| **De Luca Fred** | **9/24/2004** | **QT 5 INC [QTFV]** |
| (Last) (First) (Middle)<br>**C/O QT 5, INC., 5655 LINDERO CANYON ROAD SUITE 106**<br>(Street) | 4. Relationship of Reporting Person(s) to Issuer (Check all applicable)<br>_X_ Director ____ 10% Owner<br>_X_ Officer (give title below) ____ Other (specify below)<br>**Secretary /** | |
| **WESTLAKE VILLAGE, CA 91362**<br>(City) (State) (Zip) | 5. If Amendment, Date Original Filed (MM/DD/YYYY) | 6. Individual or Joint/Group Filing (Check Applicable Line)<br>_X_ Form filed by One Reporting Person<br>___ Form filed by More than One Reporting Person |

**Table I - Non-Derivative Securities Beneficially Owned**

| 1.Title of Security (Instr. 4) | 2. Amount of Securities Beneficially Owned (Instr. 4) | 3. Ownership Form: Direct (D) or Indirect (I) (Instr. 5) | 4. Nature of Indirect Beneficial Ownership (Instr. 5) |
|---|---|---|---|
| **Common Stock, $.001 par value** | **15000000** (1) | **D** | |
| **Common Stock, $.001 par value** | **140448** | **D** | |
| **Common Stock, $.001 par value** | **199500** | **I** | **By SAGS-3, LLC** (2) |

**Table II - Derivative Securities Beneficially Owned (*e.g.*, puts, calls, warrants, options, convertible securities)**

| 1. Title of Derivate Security (Instr. 4) | 2. Date Exercisable and Expiration Date (MM/DD/YYYY) | | 3. Title and Amount of Securities Underlying Derivative Security (Instr. 4) | | 4. Conversion or Exercise Price of Derivative Security | 5. Ownership Form of Derivative Security: Direct (D) or Indirect (I) (Instr. 5) | 6. Nature of Indirect Beneficial Ownership (Instr. 5) |
|---|---|---|---|---|---|---|---|
| | Date Exercisable | Expiration Date | Title | Amount or Number of Shares | | | |

**Explanation of Responses:**

( **1**) Issued in lieu of $7,500 in accrued consulting fees owed to the Reporting Person.

( **2**) Reporting Person is a Managing Member of SAGS-3, LLC, the direct owner of these shares of common stock.

**Reporting Owners**

| Reporting Owner Name / Address | Relationships | | | |
|---|---|---|---|---|
| | Director | 10% Owner | Officer | Other |
| **De Luca Fred**<br>**C/O QT 5, INC.**<br>**5655 LINDERO CANYON ROAD**<br>**SUITE 106**<br>**WESTLAKE VILLAGE, CA 91362** | **X** | | **Secretary** | |

**Signatures**

| | |
|---|---|
| **Fred DeLuca** | **10/27/2004** |
| **Signature of Reporting Person | Date |

Reminder: Report on a separate line for each class of securities beneficially owned directly or indirectly.

* If the form is filed by more than one reporting person, *see* Instruction 5(b)(v).

** Intentional misstatements or omissions of facts constitute Federal Criminal Violations. *See* 18 U.S.C. 1001 and 15 U.S.C. 78ff(a).

Note: File three copies of this Form, one of which must be manually signed. If space is insufficient, *see* Instruction 6 for procedure.

Persons who respond to the collection of information contained in this form are not required to respond unless the form displays a currently valid OMB control number.

---

**End of Filing**

Powered By EDGAR Online
© 2004 | EDGAR Online, Inc.

# EXHIBIT O

YAHOO! FINANCE Search - Finance Home - Yahoo! - Help
PRIMEZONE MEDIA NETWORK

Welcome, buckystick [Sign Out]
My Yahoo! View - Custom

**Financial News**

Enter symbol(s) Basic Get Symbol Lookup

Get $100 credit HARRISdirect >>
$7 Market AND Limit Orders at Scottrade
EXTRADE SECURITIES LLC

**Press Release** Source: Addison-Davis Diagnostics, Inc.

# Addison-Davis Diagnostics, Inc. Announces Name Change and New Management

Wednesday December 8, 9:00 am ET

WESTLAKE VILLAGE, Calif., Dec. 8, 2004 (PRIMEZONE) -- On December 3, 2004, QT 5, Inc. received a certified copy of a certificate of Amendment of its Articles of Incorporation filed November 18, 2004, with the State of Delaware changing the name of the corporation to Addison-Davis Diagnostics, Inc. (OTC BB:ADDI.OB - News).

ADVERTISEMENT



The amendment also effectuated a one to 150 reverse split of its common shares. Reflecting the reverse split, as of December 3, 2004 the total outstanding common shares of Addison-Davis Diagnostics, Inc. was approximately 3,600,000 shares. The Company now trades on the OTCBB under the symbol ADDI.

The Company is also pleased to announce the formation of a new management team led by its new Chief Executive Officer, Edward W. Withrow, III, and his vision for the Company to lead in fulfilling the expanding global need to rapidly test for diseases and medical conditions, in order to identify where and when they exist and to further enable the medical community to act upon such information in a timely manner.

About Addison-Davis

Addison-Davis is currently focused on bringing fast and reliable ``Point-of-care'' Diagnostic Testing through the use of its patented technology to Healthcare Professionals, Hospitals, Minor Emergency Centers, Ambulance, Para-Medics and all branches of the Government for the most common and time sensitive medical conditions and diseases. ADDI has licensed the patents to proven Point-of-care quick-test devices and analyzers (many are already Food and Drug Administration (``FDA'') 510(k) cleared), which easily evolve and adapt to the rapidly changing professional and governmental healthcare market. For more information about Addison Davis Diagnostics, Inc visit: http://www.addisondavis.com

**Related Quote**




ADDI.OB 0.048 -0.012 Ne

**View Detailed Quote**
Delayed 20 mins
Providers - Disclaimer

**Related News Stories**

- QT 5 INC Files SEC form 8-K Change in Accountant, Financial Statements and Exhibits - EDGAR Online (Tue Nov
- QT 5 INC Files SEC form 10QSB/A, Quarterly Report - EDGAR Online (Mon Nov 22)
- QT 5 INC Files SEC form 10QSB, Quarterly Report - EDGAR Online (Fri Nov 19)
- QT 5 INC Files SEC form 10KSB, Annual Report - EDGA Online (Fri Oct 8)

Mor

- By industry: Health care

**Top Stories**

- CBS Fires Four Staffers Afte Memo Probe - Associated Press (1:43 pm)
- News Corp. Offers to Buy Re of Fox Shares - Associated Press (1:44 pm)
- Stocks Edge Higher Despite Prices - Associated Press (1:18 pm)
- Alltel Buying Western Wirele for $4.4B - Associated Press (11:2 am)

Mor

- Most-emailed articles
- Most-viewed articles

This press release contains forward-looking statements that involve risks, uncertainties and assumptions that, if they never materialize or prove incorrect, could cause the results of Addison-Davis Diagnostics, Inc. to differ materially from those expressed or implied by such forward-looking statements. All statements other than statements of historical fact are statements that could be deemed forward-looking statements, including any projections of earnings, revenue, or other financial items, any statements of the plans, strategies, and objectives of management for future operations, any statements concerning proposed new products, services or developments, any statements regarding future economic conditions or performance, statements of belief and any statements of assumptions underlying any of the foregoing. These statements are based on expectations as of the date of this press release. Actual results may differ materially from those projected because of a number of risks and uncertainties, including those detailed from time to time in the reports filed by Addison-Davis Diagnostics, Inc. with the Securities and Exchange Commission. Addison-Davis Diagnostics, Inc. assumes no obligation and does not intend to update these forward-looking statements.

*Contact:*

Addison-Davis Diagnostics, Inc.
Ben Kirk
Investor Relations
(800) 605-1577
InvestorRelations@AddisonDavis.com

---

Source: Addison-Davis Diagnostics, Inc.

Email Story    Set News Alert    Print Story

Search News

Sponsor Results

The Nemeroff Group - Investor Relations
The Nemeroff Group consultants will effectively communicate your story to the right investors and in turn align the market value of your stock more closely with your intrinsic value.
www.thenemeroffgroup.com

Interactive Investor Relations Awards
How good is your IR Website? Enter the Web Marketing Association's Interactive Investor Relations Awards and find out.
www.iirawards.org

Streetinsider.com - Investor Relations
Now your company can reach millions of new investors by adding your company to StreetInsider.com's company spotlight. Registration required.
si1.streetinsider.com

(What's This?)

Copyright © 2005 Yahoo! Inc. All rights reserved. Privacy Policy - Terms of Service - Copyright Policy - Ad Feedback
Copyright © 2005 PrimeZone Media Network. All rights reserved. Redistribution of this content is expressly prohibited without prior written consent. PrimeZone makes no claims concerning the accuracy or validity of the information, and shall not be held liable for any errors, delays, omissions or use thereof.

# EXHIBIT P

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| JOHN B. HARWOOD<br><br>VS.<br><br>QT 5, INC.; STEVEN REDER in his capacity as President OF QT 5, INC.; TIMOTHY OWENS in his capacity as CEO of QT 5, INC.; and NORMAN KUNIN as Chief Financial Officer/Treasurer of QT 5, INC. | CA NO.: 04 59T |

**AFFIDAVIT OF**
**WITNESS, DAVID A. LOWMAN**

I, DAVID A. LOWMAN, being duly sworn, upon oath deposes and says:

1. I have personal knowledge of the facts set forth in this Affidavit;

2. I reside at 940 Quaker Lane - #917, Warwick, RI 02818

3. Prior to early 2003, I was an independent broker/sales representative working on a commission basis for a Rhode Island company doing business in Westerly, Rhode Island, known as "Water Works 4 Woman."

4. Through my association with Water Works for Woman, I met Mr. James Burns, a representative for a company I knew as "Nirvana" located in New York. Nirvana manufactured and supplied Water Works for Woman with its product.

5. James Burns had other contacts, and in early 2003, became the Regional Sales Manager of "Nico International, Inc., a Wholly-owned subsidiary of QT-5, Inc." A copy of his business card is attached to this affidavit as Exhibit 1.

6. As the Regional Sales Manager for QT-5, Inc., Mr. Burns approached me to assist in promotion, marketing, and sales of their product, Nico Water ("the product") in the New England area, including Rhode Island.

7. Nico Water was a bottled water manufactured by QT-5, Inc., which was laced with nicotine target for consumption by tobacco users that are restrained from smoking in certain public places as dictated by recent legislation in states across the country.

8. Together, Mr. Burns and myself marketed the product to a number of Rhode Island companies. Those companies included Brooks Pharmacy, CVS, C&C Distributors, and North East Beverage.

9. A summary of my personal knowledge by virtue of my attendance at events regarding the distribution of Nico Water is attached to this affidavit as Exhibit 2. The references to "JB" intend to refer to Jim Burns; The references to "DP" intend to refer to David Powley; The reference to "JBH" intend to refer to your Plaintiff, John B. Harwood.

10. I have a specific recollection that the President of QT-5, Inc., Mr. Steven Reder, was present at the meeting with CVS on February 20, 2003.

11. As a direct result of our combined efforts, and those of QT-5, inc, to which I am not privy, QT-5, Inc., I know that QT-5, Inc. did in fact sell and deliver 1500 cases of the product to Brooks Pharmacy 's on or between May 19 to May 23, 2003. In addition, C&C Distributors and North East Beverage split the delivery of one (1) truckload. My recollection is that Brooks Pharmacy even ran an advertisement the week of June 1 in the Providence Journal.

12. I have personal knowledge of the following contact people that can supplement the information contained in this affidavit:

| | |
|---|---|
| David Powley<br>Nirvana<br>Forestport, New York<br>(315) 942-4900 | Kenneth Mancini<br>C&C Distributing<br>West Greenwhich, RI<br>(401) 392-3390 |
| Robert Ciampi<br>Northeast Beverage<br>Jefferson Blvd<br>Warwick, RI<br>(401) 739-3189 | Matt Kirk<br>Brooks Pharmacy<br>Service Rod<br>Warwick, RI<br>(401) 825-3900x3984 |

13. On Monday, June 9, 2003, Mr. Steve Reder, President of QT-5, Inc. send me e-mail written confirmation of the agreement to pay John Howard the total of $150,000.00 consisting of a $10,000.00 check, $40,000.00 in Warrants, and $100,000.00 upon successful completion. A copy of the e-mail I received from Steve Reder is attached to this affidavit as Exhibit 3.

David A. Lowman

401-862-3273

STATE OF RHODE ISLAND )
COUNTY OF PROVIDENCE )

Subscribed and sworn to before me this 15th day of January, 2005.

Notary Public
Commission Expires: 7/29/05

Joseph Anthony DiMaio, Esq.
Notary Public of Rhode Island
My Commission Expires

# Exhibit 1

NICO
International, Inc.
A wholly-owned subsidiary of QT 5, Inc.

*James Burns*
REGIONAL SALES MANAGER
203-733-1260
~~401-374-0843~~
jburns@nicowater.net

5655 Lindero Canyon Rd., Suite 120 - Westlake Village, CA 91362

# Exhibit 2

## Events regarding Nico Water

1/9/2003 Met with Jim Burns and Dave Powley in Danbery CT regarding Nico Water

1/14/2003 Met with Jim Burns in Mystic, CT regarding Nico Water

2/13/2003 Met with Jim Burns in Providence to discuss Nico Water

2/20/2003 Met with CVS to discuss Nico Water

3/17/2003 Met with Jim Burns in Mystic CT to discuss Nico Water

3/18/2003 Met with Jim Burns at Brooks Drug to discuss Nico Water

3/21/2003 Met with Brooks to discuss Nico Water

3/31/2003 Met with Brooks to discuss Nico Water

4/2/2003 Met with Jim Burns to discuss Nico Water

4/4/2003 Met with North East Beverage to discuss Nico Water - Jim Burns

4/8/2003 Met with Jim Burns to Discuss Nico Water

4/14/2003 Met With Brooks Regarding Nico Water

4/15/2003 Met with North East Bev. Regarding Nico Water

4/23/2003 Met with Jim Burns regarding Nico Water

4/29/2003 Met with Jim Burns and Snapple -Boston regading Nico Water

5/13/2003 Met with Jim Burns regarding Nico Water

5/16/2003 Met with Brooks regarding Nico Water

5/19/2003 Met with Brooks - regarding Nico Water

5/21/2003 met with Brooks regarding Nico Water

5/23/2003 Met with Brooks regarding Nico Water

5/29/2003 Met with Snapple -NY -JB/DP - regarding Nico Water

6/5/2003 Met with C&C Dist regarding Nico Water- JB/DP

6/5/2003 Dinner-JBH/JB/DP - regarding Nico Water

6/6/2003 Met with C&C Distr. JB/DP regarding Nico Water

6/10/203 JBH/DAL - Maine LEG

Page 2

6/20/2003 Brooks _Nico Water

6/24/2003 JB-Nico Water

6/26/2003 CVS-Nico Water

7/2/2003 Burke _ Nico Water -JB

7/8/2003 Burke - Nico Water -JB

6/10/2003 Burke - Nico Water -JB

6/15/2003 JB-Mystic-Nico

6/28/2003 JB-Danberry-Nico

8/26/2003 JB-Nico

9/5/2003 CVS-NE Bev-JB/DP- Nico

9/16/2003 JB-Nico Water-Mystic

9/30/2003 JB-Nico Water

10/14/2003 JB-Nico

Sold Product to:

Brooks - Rhode Island
C&C Distributors
Northeast Beverage

David A. Lowman

1-11-05

# Exhibit 3

JUNO My Juno | Channels | Shop | Refer-a-Friend | Help | My Account | E-mail on the Web

You are signed in as: **dalowman@juno.com** Change User | Sign Out

My E-mail | Mail Home | Inbox | Write | Address Book | Options | Help

Check for new mail

Inbox

Sent

Trash

Draft

old_Inb..

old_Sen..

Search the Web

overture Search

Know someone who's paying...

"It's awesome!"

Previous

**From:** "Steve Reder" <sreder@qt5inc.com> Save to Address Book

**To:** <dalowman@juno.com>

**Cc:** "DavidPowley"

**Subject:**

**Date:** Mon, 9 Jun 2003 15:43:36 -0700

Reply | Reply All | Forward | Delete | Move message to...

Per our agreement we will be sending John Howard:

$10,000 Check
$40,000 Warrants
upon successful completion $100,000

Thank You for all your help.

Steven H. Reder
President
QT 5, Inc.
5655 Lindero Cyn Rd. Suite 120
Westlake Village, CA 91362
Phone: (818) 338-1510
Direct Phone: (818) 338-1517
Fax: (818) 338-1550

CONFIDENTIALITY NOTICE: The documents accompanying this transmissic
confidential information belonging to the sender which is legally
The information is intended only for use of the individual or enti
above. If you are not the intended recipient, you are hereby notif
disclosure, copy, distribution or the taking of any action in reli
contents of this transmitted information is strictly prohibited. I
received this telecopy in error, please immediately notify the sen
telephone to arrange for return of the documents to the sender.

Reply | Reply All | Forward | Delete | Move message to... Previous

JUNO

JUNO IS A UNITED ONLINE COMPANY UNITED ONLINE

My Start Page | Channels | Shopping | Support | My Account | Corporate | Join Now
About Us | Products & Services | Advertisers | Distribution | Investors | Press | Privacy Statement | Terms of Service