**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| JOHN B. HARWOOD<br><br>VS.<br><br>QT 5, INC.; STEVEN REDER in his capacity as President OF QT 5, INC.; TIMOTHY OWENS in his capacity as CEO of QT 5, INC.; and NORMAN KUNIN as Chief Financial Officer/Treasurer of QT 5, INC. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CA NO.: 04 59T |

**MOTION TO AMEND CAPTION**

Now comes the Plaintiff in the above-entitled matter and respectfully moves this Honorable Court Amend the Caption in the above-entitled matter to properly reflect the present name of the single Defendant in interest, "**ADDISION-DAVIS DIAGNOSTICS, INC.**, alias MEDTEST, alias John Doe". In support of said motion, the Plaintiff states that the Defendant, formerly known as **QT-5, Inc.** changed its name on or about November 18, 2004. Moreover, each individual identified was identified in his or her capacity as an officer of said QT-5, Inc., therefore liability rests only upon the corporate entity.

Attached hereto and makes incorporated by reference as if set forth in full herein Exhibit A, is a specimen caption which the Plaintiff submits for this court's approval.

In further support of this motion, Plaintiff attaches hereto and makes incorporated by reference as if set forth in full herein Plaintiff's Memorandum in Support of his Motion to Amend Caption.

Plaintiff,
By counsel

Joseph Anthony DiMaio, Esq.
Attorney #3910
McKinnon & Harwood
1168 Newport Avenue
Pawtucket, RI 02861
(401) 723-9655

February 1, 2005



21

**CERTIFICATION**

I hereby certify that the defendant is in default for failure to appear and has not appeared and that therefore no service need be made on the parties in default for failure to appear and that the within pleadings do not assert new or additional claims for relief, (USCS Fed Rules Civ. Proc R. 5) said claims arising out of the same identical conduct, transaction, and occurrence set forth in the original pleading, and that there is an exact identity of the entity sued herein (USCS Fed. Rules Civ. Proc R. 15(c)(3)).

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| JOHN B. HARWOOD | ) | |
| | ) | |
| VS. | ) | CA NO.: 04 59T |
| | ) | |
| QT 5, INC.; STEVEN REDER in his capacity as President OF QT 5, INC.; TIMOTHY OWENS in his capacity as CEO of QT 5, INC.; and NORMAN KUNIN as Chief Financial Officer/Treasurer of QT 5, INC. | ) | |

**PLAINTIFF'S MEMORANDUM**
**IN SUPPORT OF HIS MOTION TO AMEND CAPTION**

Now comes the Plaintiff in the above-entitled matter and in support of his Motion to Amend Caption states as follows:

## 1. RULE 60(b) PERMITS A MOTION FOR RELIEF FROM ORDER.

On January 10, 2005, Plaintiff, through counsel, learned that on November 18, 2004, the Defendant may have change its name to "Addision-Davis Diagnostics, Inc."[1] or "MedTest"[2], alias John Doe.

Rule 60(b)(2) of the Federal Court Rules of Civil Procedure states that "[o]n motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding..." *USCS Fed. Rules Civ. Proc R. 60 (b)(2)*. Since judgment has not entered, a motion for

---

[1] *See* Exhibit O to (Document #17); *see also* Exhibit A and Exhibit B, attached.

[2] *See* Exhibit C, attached.

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| JOHN B. HARWOOD | ) | |
| | ) | |
| VS. | ) | CA NO.: 04 59T |
| | ) | |
| **ADDISION-DAVIS DIAGNOSTICS, INC.** | ) | |
| Alias MEDTEST, | ) | |
| Alias John Doe | ) | |

**SPECIMAN CAPTION**

Now comes the Plaintiff in the above-entitled matter and proposes the above caption amending the previous designation of the Defendant formerly known as QT 5, Inc., et. al.

Plaintiff,
By counsel

Joseph-Anthony DiMaio, Esq.
Attorney #3910
McKinnon & Harwood
1168 Newport Avenue
Pawtucket, RI 02861
(401) 723-9655

Date: February 1, 2005

new trial under Rule 59(b) may be premature. However hearings[3] regarding Plaintiff's "Second Application for Default Judgment"[4], have occurred. Thus Plaintiff submits that a Rule 60(b) "proceeding" has taken place that permits the relief requested.

Rule 60(b)(2) permits relief for the following reasons: "...(2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)" *USCS Fed. Rules Civ. Proc R. 60 (b)(2).* The newly discovered evidence requirement is satisfied since at the time of Plaintiff's "First Application for Default Judgment"[5] there was no name change. It was not until January 10, 2005[6], while in the process of drafting a memorandum in support of Plaintiff's "Second Application"[7] that Plaintiff learned[8] of the change.

---

[3] *See generally* (Document #16). Plaintiff is presently waiting for the Report and Recommendation of the Magistrate and anticipates entry of judgment to occur without further notice to the parties, potentially occurring during the mailing of the instant motion and memorandum. Upon review of the file and this court's order (Document #16) it is apparent that notice of the "Second Application for Default Judgment" was mailed on December 7, 2004.

[4] Default entered by the Clerk on December 8, 2004 on Plaintiff's "Second Application" (*see* Document #16).

[5] This refers to the nomenclature referenced in (Document #16FN1). In this regard, it should be noted that there is authority supporting no need for the Defendant to receive a copy of the Rule 55(a) Application to the clerk after service of summons and complaint, provided the Defendant has not otherwise appeared to voice an intent to defendant a suit. *See Cutting v. Town of Allenstown, 936 F.2d 18, 21 (1st Cir., 1991)* (n1 Defendants' argument that notice of plaintiffs' motion for default judgment was required under Fed.R.Civ.P. 5(a) because, at the time it was made, the clerk had yet to enter a default, is without merit. HN2Where defendants, as here, were served with the summons and do not appear and answer within the required period, they are "parties in default" for Rule 5(a) purposes. Varnes v. Local 91, Glass Bottle Blowers Association of United States and Canada, 674 F.2d 1365, 1368 n.3 (11th Cir. 1982).) *Id* Cutting..

[6] *See* Exhibit O to (Document #17)

[7] *Id. (Document 16FN1)*

[8] On January 31, 2005, it was learned that the California Agent for service of process may have resigned on November 15, 2004 (*see Exhibit D, attached);* However, *compare Exhibit C* (printed on January 17, 20017 2005 still indicating a valid agent for service of process). Plaintiff states that as

**CERTIFICATION**

I hereby certify that the defendant is in default for failure to appear and has not appeared and that therefore no service need be made on the parties in default for failure to appear and that the within pleadings do not assert new or additional claims for relief, (*USCS Fed Rules Civ. Proc R. 5*) said claims arising out of the same identical conduct, transaction, and occurrence set forth in the original pleading, and that there is an exact identity of the entity sued herein (*USCS Fed. Rules Civ. Proc R. 15(c)(3)*).

# EXHIBIT A

**Delaware Secretary of State Gateway**

LexisNexis™

This data is for information purposes only, certification can only be obtained through the Division of Corporations, or from a Delaware Registered Agent's office located within the State of Delaware.

Source Info

## *Detail Information*

**Date/Time of Results:** 01-17-2005 at 16:03

**File Number:** 3402033 **Name Type:** Delaware Company **Stock Co Flag:** Stock Company

**Name:** ADDISON-DAVIS DIAGNOSTICS, INC.

**Kind:** Corporation General **Status:** Good Standing as of 05-08-2003 **Tax Type:** A/R Filing Required

**Residency:** Domestic **State of Incorp:** DE **Country:** US

**Original Country:** **Incorp/Qualify Date:** 06-12-2001 **Foreign Incorporation Date:**

**Proclamation Date:** **Renewal Date:** 05-08-2003 **Expiration Date:**

**Bankruptcy Status:** **Bankruptcy Date:** **State:**

**Case Number:** **Merged To:** **State:**

**Federal ID:** 727148906 **Quarterly Filing?:** **Last Annual Report:** 2003

**Registered Agent:** 9089940
PARACORP INCORPORATED
3500 SOUTH DUPONT HIGHWAY
DOVER , DE19901

**Registered Agent County:** Kent
**Phone:** 302-531-0855
**Fax:** 302-531-3150

| Stock Information: | | | | | |
|---|---|---|---|---|---|
| Amendment Number: 003 Effective Date: 08-16-2004 Effective Time: 16:28 | | | | | |
| **Stock Seq Number** | **Description** | **Series** | **Class** | **Authorized** | **Par Value** |
| 1 | COMMON | | | | .001000 |

| Filing History: | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| **Seq Number** | **Filing Year** | **Doc Code** | **Doc Code Desc** | **Doc Pages** | **Dom Pages** | **Doc Filing Date** | **Doc Filing Time** | **Doc Effective Date** | **Doc Filing Status** | **Co Prev Name** | **Merger Type** |
| 1 | 2004 | 0240 | Amendment; Domestic | 1 | | 11-18-2004 | 20:42 | 11-18-2004 | | QT 5, INC. | |
| 2 | 2004 | 0240S | Amendment; Stock | 1 | | 08-12-2004 | 16:28 | 08-16-2004 | | | |
| 3 | 2004 | 0240 | Amendment; Domestic | 1 | | 04-19-2004 | 15:55 | 04-22-2004 | | | |
| 4 | 2003 | 0240S | Amendment; Stock | 1 | | 11-03-2003 | 18:56 | 11-03-2003 | | | |
| 5 | 2003 | 0312V | Renewal for Void | 1 | | 05-08-2003 | 18:58 | 05-08-2003 | | | |

| Tax Info: | | | | | | | |
|---|---|---|---|---|---|---|---|
| As Of Date: 01-17-2005Tax Balance: .00 | | | | | | | |
| **Tax Year** | **Total Filing** | **Total Taxes** | **Total Penalty** | **Total Interest** | **Total Other** | **Total Paid** | **Total Balance** |
| | | | | | | | |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 2004 | .00 | 165,000.00 | .00 | .00 | .00 | 1,958.91 | 163,041.09 |
| 2003 | 25.00 | 2,041.09 | .00 | .00 | .00 | 2,066.09 | .00 |
| 2002 | 20.00 | 1,000.00 | 50.00 | .00 | .00 | 1,070.00 | .00 |

Go Back

Go Back to Search

---

About LexisNexis | Terms and Conditions
Copyright © 2005 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.
Delaware graphic courtesy of The General Libraries, The University of Texas at Austin.

# EXHIBIT B

## Delaware Secretary of State Gateway

**NOTE!** The cite list returned from your search is offered to you at NO CHARGE. All accesses to the actual document(s) from the cite list, however, will incur a search charge. Please complete any browsing and/or printing of the document while in the original access - re-access, even of the same document, will result in additional charges.

Source Info

# *Search Results*

## *Active Companies*

***This search has found no matching corporations.***

## *Inactive Companies*

***This search has found no matching corporations.***

## *Prior Names*

| File Number | Name |
|---|---|
| 3402033 | QT 5, INC. |

## *Name Reservations*

***This search has found no matching corporations.***

Go Back

About LexisNexis | Terms and Conditions
Copyright © 2005 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.
Delaware graphic courtesy of The General Libraries, The University of Texas at Austin.

# EXHIBIT C

# California Business Portal

Secretary of State Kevin Shelley

**DISCLAIMER:** The information displayed here is current as of JAN 14, 2005 and is updated weekly. It is not a complete or certified record of the Corporation.

| Corporation | | |
|---|---|---|
| QT 5, INC. WHICH WILL DO BUSINESS IN CALIFORNIA AS MEDTEST | | |
| **Number:** C2540497 | **Date Filed:** 6/17/2003 | **Status:** active |
| **Jurisdiction:** DELAWARE | | |
| **Address** | | |
| 5655 LINDERO CANYON RD STE 106 | | |
| WESTLAKE VILLAGE, CA 91362 | | |
| **Agent for Service of Process** | | |
| PARACORP INCORP ORATED | | |
| 640 BERCUT DR., SUITE A | | |
| SACRAMENTO, CA 95814 | | |

For information about certification of corporate records or for additional corporate information, please refer to Corporate Records. If you are unable to locate a corporate record, you may submit a request to this office for a more extensive search. Fees and instructions for requesting this search are included on the Corporate Records Order Form.

Blank fields indicate the information is not contained in the computer file.

If the status of the corporation is "Surrender", the agent for service of process is automatically revoked. Please refer to California Corporations Code Section 2114 for information relating to service upon corporations that have surrendered.

# EXHIBIT D

# California Business Portal

Secretary of State Kevin Shelley

SECRETARY OF STATE | ELECTIONS & VOTER INFO | POLITICAL REFORM | CA BUSINESS PORTAL | ARCHIVES & MUSEUM | SPECIAL PROGRAMS

Business Search
Corporations

- New Search
- Search Tips
- Field Definitions
- Status Definitions
- Name Availability
- Corporate Records
- Corporate Records Order Form
  - Certificates
  - Copies
  - Status Printouts
- FAQs
- Corporations Main Page
- Site Search

## Corporations

The information displayed here is current as of "JAN 28, 2005" and is updated weekly. It is not a complete or certified record of the Corporation.

---

For information about certification of corporate records or for additional corporate information, please refer to **Corporate Records**. If you are unable to locate a corporate record, you may submit a request to this office for a more extensive search. Fees and instructions for requesting this search are included on the **Corporate Records Order Form**.

Results of search for " **medtest** "

***Click on the name of the corporation for additional information.***

| Corp Number | Date Filed | Status | Corporation Name | Agent for Service of Process |
|---|---|---|---|---|
| C1275590 | 5/16/1985 | suspended | HOME MEDTEST, INC. | ANDREW LEWIS |
| C0590137 | 1/19/1970 | suspended | MEDTEST CENTER OF SAN DIEGO AND IMPERIAL COUNTIES, INC. | |
| C2435240 | 7/16/2003 | active | MEDTEST SOLUTION, INC. | OLEG NASAKIN |
| C2540497 | 6/17/2003 | active | QT 5, INC. WHICH WILL DO BUSINESS IN CALIFORNIA AS MEDTEST | ** RESIGNED ON 11/15/2004 |

Copyright ©2001 California Secretary of State. **Privacy Statement**.