UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JOHN B. HARWOOD, Plaintiff, | : | |
| v. | : | CA 04-59T |
| QT 5, INC., STEVEN REDER in his capacity as President of QT 5, INC., TIMOTHY OWENS in his capacity as CEO of QT 5, INC., and NORMAN KUNIN as Chief Financial Officer/Treasurer of QT 5, INC., Defendants. | : | |

**ORDER**
**FOR SUPPLEMENTATION**

Before the court is Plaintiff's Application to Court for Entry of Judgment by Default Against Defendant (Document #13) ("Second Application" or "Second Application for Default Judgment"). The court conducted hearings on the Second Application on January 4 and 25, 2005. Following the hearing on January 25th, the court took the matter under advisement.

In the process of writing a Report and Recommendation regarding the Second Application, the court concluded that the record did not contain sufficient information to allow it to complete the required analysis regarding personal jurisdiction.[1]

[1] See Sys. Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy, 242 F.3d 322, 324 (5th Cir. 2001)("[W]hen entry of default is sought against a party who has failed to plead or otherwise defend, the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties.")(quoting Williams v. Life Sav. & Loan, 802 F.2d 1200, 1203 (10th Cir. 1986))(alteration in original); In re Tuli, 172 F.3d 707, 712 (9th Cir. 1999)(same); Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp., 115 F.3d 767, 772 (10th Cir. 1997)(same); see also Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A., 290 F.3d 42, 50 (1st Cir. 2002)("To hear a case, a court must have personal jurisdiction over the parties, 'that is, the power to require the parties to obey its decision.'")(quoting United States v. Swiss Am. Bank, Ltd., 191 F.3d 30, 35 (1st Cir. 1999)); cf. Hugel v. McNell, 886 F.2d 1, 3 n.3 (1st Cir. 1989)("[W]here

22

Specifically, the court requires additional information about the following matters:

**1. The parties' prior negotiations and contemplated future consequences and actual course of dealing.**[2] Plaintiff is directed to submit an affidavit which explains the circumstances surrounding his entering into an agreement with QT 5, Inc. ("QT 5") on or about June 9, 2003. See Complaint ¶ 6. The affidavit should address the parties' prior negotiations (including when and how Plaintiff first came to have contact with QT 5) and contemplated future consequences, as well as the parties' actual course of dealing (including the nature and number of contacts between Plaintiff and QT 5).

**2. Relatedness, purposeful availment, and reasonableness.**[3] Plaintiff is directed to submit a memorandum which addresses how the requirements of relatedness, purposeful availment, and reasonableness are satisfied in the instant action.[4] The court

---

the court rendering the default judgment is shown to lack personal jurisdiction over the defendant, ... the judgment may be vacated and set aside by the rendering court on motion, or by another court on collateral attack.")(quoting 6 Moore's Federal Practice para. 55.09) (second alteration in original).

[2] See Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A., 290 F.3d 42, 52 (1st Cir. 2002)("In a contract case, we evaluate the parties' 'prior negotiations and contemplated future consequences, along with the terms of the contract and the parties actual course of dealing' to determine whether the defendants purposefully established minimum contacts.")(quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 479, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985)).

[3] See id. at 60 ("For specific jurisdiction, this circuit divides constitutional analysis into three categories: relatedness, purposeful availment, and reasonableness ...."); see also Sawtelle v. Farrell, 70 F.3d 1381, 1388-89 (1st Cir. 1995)(describing three part analysis) (quoting United Elec., Radio & Mach. Workers of Am. v. 163 Pleasant St. Corp., 960 F.2d 1080, 1089 (1st Cir. 1992)).

[4] In requesting a memorandum from Plaintiff which addresses these three categories, the court assumes that Plaintiff does not contend that general jurisdiction exists. If Plaintiff contends that general

is particularly concerned about the requirement of relatedness. See Sawtelle v. Farrell, 70 F.3d 1381, 1389 (1st Cir. 1995) ("[T]he claim underlying the litigation must directly arise out of, or relate to, the defendant's forum-state activities.").

Plaintiff shall submit his affidavit and memorandum by February 23, 2005.

So ordered.

ENTER:

DAVID L. MARTIN
U.S. MAGISTRATE JUDGE
February 8, 2005

BY ORDER:

Deputy Clerk

---

jurisdiction exists, Plaintiff should submit a memorandum citing facts in the record supporting this position. See United Elec., Radio & Mach. Workers of Am. v. 163 Pleasant St. Corp., 960 F.2d 1080, 1088 (1st Cir. 1992)("General jurisdiction exists when the litigation is not directly found on the defendant's forum-based contacts, but the defendant has nevertheless engaged in continuous and systematic activity, unrelated to the suit, in the forum state."); Donatelli v. Nat'l Hockey League, 893 F.2d 459, 463 (1st Cir. 1990)(stating that the standard for general jurisdiction is considerably more stringent than the standard for specific jurisdiction).