**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| JOHN B. HARWOOD | ) | |
| | ) | |
| VS. | ) | CA NO.: 04 59T |
| | ) | |
| **ADDISON-DAVIS DIAGNOSTICS, INC.** | ) | |
| Alias MEDTEST, | ) | |
| Alias John Doe | ) | |
| (formerly QT-5, Inc.) | ) | |

**OBJECTION**
**TO THE REPORT AND RECCOMENDATION**

Now comes the Plaintiff in the above-entitled matter and pursuant Rule 72 of the Federal Rules of Civil Procedure and Local Rule 32 of the Local Rules of Procedure for the Federal District Court of Rhode Island, hereby objects to the report and recommendation of the magistrate, however reserves the right to more fully brief said objections if a resulting harm is realized[1] by the Plaintiff from one of the following issues:

1. The Plaintiff objects to the Report and Recommendation finding that "general jurisdiction is not present" (Document #27, p16, ¶1.). Respectfully, Plaintiff objects

[1] Anticipating a favorable proof of claim hearing, at this stage of the proceedings unless judgment does not enter consistent with the complaint there is no practical need to press any objection. This observation is particularly relevant since the fourth objection infra essentially concurs that a damages hearing should be had but for a different reason. Accordingly, unless Plaintiff's Fraud Count II were stricken, either voluntarily or involuntarily, there is no harm to the Plaintiff in a damages hearing. The primary purpose of objecting is to preserve Plaintiff's rights in the event that the Defendant attempts to address its' liability by testing the entry of judgment against it.

28

on the basis that this ruling is clearly erroneous and constitutes a clear abuse of discretion.

Plaintiff states that the facts on the record regarding the Defendant's pervasive and encompassing actual business activity and intent to do business within this state support this objection;

2. The Plaintiff objects to the Report and Recommendation finding that "a damages hearing should be held" for the reason of doubt as to the apparent conflict in March 17, 2004 reaffirmance. (Document #27, p32) or for reason of doubt in determining the "value of the warrants" (Document #27, p33). Respectfully, Plaintiff objects on the basis that this ruling is clearly erroneous and constitutes a clear abuse of discretion. ;

Counsel states that the March 17, 2004 letter from Steve Reder was offered to bolster the argument that the June 9, 2003 agreement was reaffirmed. (Document #11) Plaintiff's Aff. In Proof of Claim ¶6. Review of the language in the document attached to the affidavit Id., the March 17, 2004, makes it clear that the contract was reaffirmed by virtue of the offer and compromise "...in full and final settlement regarding the lawsuit you filed against the Company and individuals" Id. It's significance is as an accord and satisfaction whose terms were never met. It does not impugn or otherwise challenge the original contract. The "reverse stock split" event Id. likewise is inconsequential since there was not trigger event in the June 9, 2003 contract.

Had the March 17, 2004 letter not included the reference to the pending lawsuit, or "settlement" or "full release", then there would be confusion as to the terms of the contract. However, given the timing context and the

language of the March 17, 2004 letter, there should be no confusion that it is an offer and compromise. Coupled with the declining liquidity of the Defendant company, it is obvious that they would offer the promise of an immediate payment in lieu of a paper judgment for full value.

3. The Plaintiff objects to the Report and Recommendation finding that "there is doubt as to the amount to which Plaintiff is entitled..." (Document #27, p33); Respectfully, Plaintiff objects on the basis that this ruling is clearly erroneous and constitutes a clear abuse of discretion.

Plaintiff states that the facts on the record establish that at the time of formation of the contract, the unit of measure was established by the "$" symbol demarking United States Dollars. Therefore, it does not matter whether the Defendant had to tender one warrant or one-hundred warrants, so long as on the day of tender their fungible value equaled $40,000.00.

By contrast, the unit of measure in the contract was not defined in terms of a specified quantity of warrants, i.e. 40,000 warrants. Moreover, only an action or prayer for specific enforcement would yield specific tender in the form specified. Plaintiff's Count I for breach of contract does not select a remedy requiring recovery of warrants, just their value in the specified unit of measure, to wit, dollars.

4. The Plaintiff objects to the Report and Recommendation to the extent that it fails to address whether a damages hearing on Plaintiff's Count II for fraud is recommended in

light of the specific request for punitive damages in the amount of $150,000.00. See Complaint (Document #1) ¶¶6-12.

Plaintiff,
By counsel

Joseph Anthony DiMaio, Esq.
Attorney #3910
McKinnon & Harwood
1168 Newport Avenue
Pawtucket, RI 02861
(401) 723-9655

**CERTIFICATION**

I hereby certify that the defendant is in default for failure to appear and has not appeared and that therefore no service need be made on the parties in default for failure to appear and that the within pleadings do not assert new or additional claims for relief, (USCS Fed Rules Civ. Proc R. 5) said claims arising out of the same identical conduct, transaction, and occurrence set forth in the original pleading, and that there is an exact identity of the entity sued herein (USCS Fed. Rules Civ. Proc R. 15(c)(3)).

Date: March 18, 2005