UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

JOHN B. HARWOOD

               v.                   CA No. 04-59-T

ADDISON-DAVIS DIAGNOSTICS, INC.,
alias MEDITEST, alias John Doe

## ORDER GRANTING APPLICATION FOR
## ENTRY OF DEFAULT JUDGMENT

On December 8, 2004, default was entered against the defendants with respect to the plaintiff's claims. Also on December 8, 2004, the plaintiff's application for entry of default judgment was referred to a magistrate judge for a Report and Recommendation ("R&R").

In his lengthy and detailed R&R, the magistrate judge found that this Court has both subject matter and personal jurisdiction over the defendants and that the defendants have been properly served with process. The magistrate judge also found that the amount to which the plaintiff is entitled is not a sum certain that can be readily ascertained and that an evidentiary hearing would be required in order to determine that amount. However, the magistrate judge did not conduct such a hearing.

The plaintiff has objected to the R&R contending that the magistrate judge erred in finding specific in personam jurisdiction but not general in personam jurisdiction and in finding that an evidentiary hearing was required to determine the amount to which the plaintiff is entitled.

Because this Court accepts the magistrate judge's finding of specific in personam jurisdiction, there is no need to address whether general in personam jurisdiction also exists.

This Court rejects the magistrate judge's finding that an evidentiary hearing is required to determine the amount to which the plaintiff is entitled on his breach of contract claim. The R&R recites that both the June 9, 2003, Reder e-mail and the March 17, 2004, agreement "reaffirming" the agreement contained in the Reder e-mail state that the plaintiff is to receive a total of $150,000. Moreover, since both agreements specify the dollar amount of the

warrants to be issued in partial satisfaction of the agreed upon amount, the fact that the method of valuing the warrants was not specified does not alter the evidence that the plaintiff is entitled to judgment in the amount of $150,000.

    For all of the foregoing reasons, it is hereby ordered that default judgment enter in favor of the plaintiff in the amount of $150,000.

By Order

_____
Deputy Clerk

ENTER:

_____
Ernest C. Torres
Chief Judge

Date: Sept. 27, 2005