JOHN B. HARWOOD
vs. Case No. 04-59T

DC 11
Rev. 7/82

ADDISON-DAVIS DIAGNOSTICS alias MED TEST (formerly QT-5, INC.)

# WRIT OF EXECUTION

| United States District Court | DISTRICT<br>RHODE ISLAND |
|---|---|

TO THE MARSHAL OF:

YOU ARE HEREBY COMMANDED, that of the goods and chattels, lands and tenements in your district belonging to:

NAME
ADDISON-DAVIS DIAGNOSTICS, INC.
alias MEDTEST
(formerly QT-5, INC.)

you cause to be made and levied as well a certain debt of:

| DOLLAR AMOUNT | | DOLLAR AMOUNT |
|---|---|---|
| One hundred fifty thousand dollars($150,000.00) | and | together with 12% interest as of Sept. 28, 2005 |

In the United States District Court for the State of Rhode Island District of Rhode Island, before the Judge of the said Court by the consideration of the same Judge lately recovered against the said,

ADDISON-DAVIS DIAGNOSTICS, INC.
alias MEDTEST (formerly QT-5, INC.)

and also the costs that may accrue under this writ.

And that you have above listed moneys at the place and date listed below; and that you bring this writ with you.

| PLACE One Exchange Terrace | DISTRICT RHODE ISLAND |
|---|---|
| CITY Providence | DATE 11/16/2007 |

Witness the Honorable **Judge Ernest C. Torres**
*(United States Judge)*

| DATE | CLERK OF COURT |
|---|---|
| **8/16/07** | **David A. DiMarzio** |
| | (BY) DEPUTY CLERK [signature] |

## RETURN

| DATE RECEIVED | DATE OF EXECUTION OF WRIT |
|---|---|
| | |

This writ was received and executed.

| U. S. MARSHAL | (BY) DEPUTY MARSHAL |
|---|---|
| | |

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| JOHN B. HARWOOD | : | |
| | : | |
| VS. | : | CA NO.: 04 59T |
| | : | |
| ADDISON-DAVIS DIAGNOSTICS, INC. | : | |
| Alias MEDTEST, | : | |
| Alias John Doe | : | |
| (formerly QT-5, Inc.) | : | |

**AFFIDAVIT IN SUPPORT OF ISSUANCE OF AN EXECUTION**

I, Joseph-Anthony DiMaio, under oath, do depose and state as follows:

(1) Local Rule 69 requires the filing of this affidavit in advance of the issuance of an execution;

(2) Plaintiff has attempted to liquidate his claim against the Defendant by engaging in meaningful pre-judgment discussions regarding the payment terms and timing.

(3) After waiting a reasonable amount of time for payment, I made inquiry with a representative for the Defendant, Fred DeLuca, who apologized that, due to a change of certain circumstances in other litigation, they no longer had the funds with which to pay us and sincerely apologized for any inconvenience this may have caused. Default judgment was subsequently obtained.

(4) Plaintiff optimistically waited for the Defendant's financial situation to turn around.

(5) In July or August of 2006, additional inquiry with the same contact person, Fred DeLuca, whom revealed discouraging news. Mr. DeLuca indicated that the finances of the company were such that they could not make a voluntary payment.

(6) After that conversation, again we felt it prudent to wait in optimistic hope that conditions would change so that the Defendant could make a voluntary payment.

(7) On or about the 12th day of February 2007 and the 16th day of February 2007, I attempted to call the same contact person, Mr. Fred DeLuca to inquire as to the status and the Defendant's ability to pay. Upon dialing the phone number for Mr. DeLuca, a recording indicated the number was no longer in service.

(8) In addition, correspondence sent to Mr. DeLuca was returned marked "not deliverable as addressed, unable to forward." A copy of which is attached hereto.

(9) I am of the opinion that all reasonable efforts to obtain their voluntary payment, in addition waiting more than a reasonable amount of time for them to make financial arrangements has expired. I am of the opinion that the issuance of an execution is appropriate so that the Plaintiff may now take measures to liquidate his outstanding judgment against the Defendant.

(10) Since judgment entered on October 5, 2005 in the amount of $150,00.00, execution should issue in that amount, together with statutory, 12% simple, interest which will equal $33,000.00 **as of August 5, 2007**, for **a total of $ $183,000.00.**

Joseph-Anthony DiMaio, Esq. (#3910)

Subscribed and sworn to before me in Pawtucket, Rhode Island on this 25th day of July 2007.

Candy L. Lund
Notary Public
My Commission Expires: 2-20-10

LAW OFFICES
MCKINNON & HARWOOD

DANIEL V. McKINNON
JOHN B. HARWOOD*

MICHAEL E. SENDLEY
JOSEPH-ANTHONY DIMAIO*
DANIEL J. McKINNON
STEPHEN J. McKINNON

1168 NEWPORT AVENUE
PAWTUCKET, R.I. 02861
(401) 723-9655

*ALSO ADMITTED IN MASSACHUSETTS

February 12, 2007

Fred DeLuca
QT 5, Inc.
5655 Lindero Canyon Road
Suite 120
Westlake Village, CA 91362

**Re: Harwood v. QT 5, Inc., et al**

Dear Fred:

It has been quite some time since you and I spoke last October.

I was anticipating receiving some form of notice from you, either of bankruptcy or that you would be making good on the debt. However, having not received either, at this time I am asking that you let me know the status of making good on the debt.

If I do not hear from your within fifteen (15) days I will assume that it is necessary for me to now proceed to liquidate the judgment through legal process.

Thank you for your time and attention.

Very truly yours,

Joseph-Anthony DiMaio, Esq.

JAD:ks